# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 2:96-cr-0185 |
| v. | ) |
| | ) |
| PHILIP WILL DAVIS | ) |

## ORDER OF COURT

Presently before for the Court for disposition is the MOTION FOR RECONSIDERATION filed by Defendant, Philip Will Davis (Document No. 2594) and the RESPONSE in opposition filed by the government (Document No. 2596).

Defendant asks the Court for reconsideration of its Order of November 23, 2011, in which the Court granted Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and issued a revised sentence of 236 months imprisonment.

On January 17, 2012, Defendant filed the instant motion in which he states that there was an erroneous mathematical formula set forth in his motion and if "the current release date is not what the court intended, then a manifest injustice has occurred based on a clear error of fact." Mot. at 7.

The Motion for Reconsideration is denied for two reasons. First, although not specifically stated, the Motion was filed pursuant to Federal Rule of Criminal Procedure 35 which specifically states that a court may correct a sentence that resulted from an arithmetical, technical or other clear error only <u>within 14</u> days after sentencing. The revised sentencing order was filed on November 23, 2011; the instant motion was filed on January 17, 2012, clearly more than 14 days from the date of the filing of the revised sentencing order. Thus, the Court is

without jurisdiction to resentence the defendant in response to the Motion for Reconsideration. *See United States v. Higgs*, 504 F.3d 456, 463 (3d Cir. 2007) (holding that seven-day period of former Rule 35(a) was jurisdictional).

Moreover, assuming *arguendo* that the Motion had been timely, the Court finds it to be without merit. When resentencing Defendant, the Court did not rely upon an improper methodology in issuing the revised sentence and did not take into account when Defendant's release date would be. Rather, the recalculated guideline range was 210-262 months. Although both sides presented compelling arguments, the Defendant arguing for 210 months and the government arguing for 262 months, the Court simply elected to impose a sentence in the mid-point between what the parties had requested.

Accordingly, the Motion for Reconsideration is **DENIED.**

So **ORDERED** this 1st day of February, 2012.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge